**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAIME REYES,

    Plaintiff,

v.                                          Case No: 8:23-cv-974-CEH-UAM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and ROSSMILLER
INSURANCE AND FINANCIAL
SERVICES, INC.,

    Defendants.

_____/

**ORDER**

This cause comes before the Court on Plaintiff Jaime Reyes's Motion to Remand (Doc. 10) and Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") response in opposition (Doc. 15).  In this insurance action, Reyes asserts state law claims against State Farm, his automobile insurance company, and Rossmiller Insurance and Financial Services, Inc. ("Rossmiller"), his insurance agent. State Farm removed the action to this Court on May 4, 2023, asserting that subject matter jurisdiction exists based on diversity of citizenship. Doc. 1.  Although Rossmiller is not diverse from Plaintiff, State Farm contends that it was fraudulently joined to the action to defeat diversity jurisdiction. Docs. 1, 15.

Upon review and consideration, and being fully advised in the premises, the Court will grant the motion to remand because it finds that Rossmiller was not fraudulently joined.

I.  **BACKGROUND**

Plaintiff is a Florida citizen who was involved in a motor vehicle accident on March 11, 2022. Doc. 1-1 ¶¶ 2, 6-8. Following the collision, Plaintiff demanded payment of uninsured motorist benefits from State Farm, his automobile liability insurance provider. *Id.* ¶ 15. State Farm rejected this demand, alleging that Plaintiff is not insured under the subject policy and that there is therefore no coverage available. *Id.*

On March 19, 2023, he filed a complaint in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida against Defendants State Farm and Rossmiller. Doc. 1-1. In the complaint, Plaintiff requests a declaratory judgment regarding his entitlement to uninsured motorist benefits. *Id.* ¶¶ 13-16. He also alleges state law causes of action against both defendants: that State Farm's refusal to provide coverage constitutes a breach of contract, and that Rossmiller negligently failed to procure appropriate insurance for Plaintiff and/or failed to explain or inform Plaintiff of his policy's coverage. *Id.* ¶¶ 17-22, 28-41.

State Farm removed this action on May 4, 2023. Doc. 1. In its Notice of Removal, State Farm argues that the Court has diversity jurisdiction despite both Plaintiff and Rossmiller being Florida citizens. *Id.* at 2-3. In support of this position, State Farm contends that Rossmiller was fraudulently joined by Plaintiff to defeat

federal diversity jurisdiction and that, as a result, its citizenship should be disregarded. *Id.* at 3-4.

Plaintiff moved to remand, arguing that complete diversity was not present; however, he did not respond to State Farm's allegation of fraudulent joinder. Doc. 10. Plaintiff also briefly asserted that remand is required because Rossmiller did not consent to removal as required under 28 U.S.C. § 1446(a). *Id.* at 5. State Farm's response in opposition to Plaintiff's motion to remand reiterates its allegation that Rossmiller was fraudulently joined because the claim against Rossmiller is unaccrued, unripe, and thus merely theoretical. Doc. 15. State Farm did not address the procedural defect argument. *Id.* Both Defendants have also filed motions to dismiss, which Plaintiff opposes. Docs. 8, 9, 17, 18.

## II.   LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seabord Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are limited, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where a

3

lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *Id.* § 1332(a)(1). District courts also have original jurisdiction over all cases arising under federal law. 28 U.S.C. § 1331. It is the burden of the party seeking federal jurisdiction to establish that it exists by a preponderance of the evidence. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, as long as the district court has subject matter jurisdiction. 28 U.S.C. § 1441(a). However, since removal "raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

### III. DISCUSSION

Although both Defendants have filed motions to dismiss, the Court must resolve the Motion to Remand before considering the merits of the motions to dismiss. It is well-settled that a federal court must examine its jurisdiction before proceeding to the merits of an action. *See, e.g., Univ. of S. Ala.*, 168 F.3d at 410-11 ("[W]hen an action is removed from state court, the district court must first determine whether it has original jurisdiction over the plaintiff's claims. [ ] If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case. [ ] Moreover, a

federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the Court.").

In its Notice of Removal and opposition to the motion to remand, State Farm argues that complete diversity exists because Rossmiller was fraudulently joined to the action to defeat diversity jurisdiction. According to State Farm, there is no possibility that Reyes can prove a cause of action against Rossmiller because the claim is premature.

The doctrine of "fraudulent joinder" provides that diversity jurisdiction may be found to exist despite the presence of one or more non-diverse parties if the defendant establishes that the plaintiff has added the non-diverse party solely to defeat federal diversity jurisdiction. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). The Eleventh Circuit recognizes three types of fraudulent joinder: (1) if there is no possibility the plaintiff can prove a cause of action against the resident defendant; (2) if there has been outright fraud by the plaintiff in pleading jurisdictional facts; or (3) "fraudulent misjoinder," in which an improper joinder is "so egregious" as to be fraudulent. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). A defendant seeking to prove fraudulent joinder bears a "heavy" burden: he must prove one of these circumstances by clear and convincing evidence. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Henderson*, 454 F.3d at 1281.

Here, the Court finds that Rossmiller was not fraudulently joined. Although the claim against Rossmiller is premature under Florida law, State Farm has not shown

by clear and convincing evidence that there is no possibility Reyes can state a claim against Rossmiller.

The Eleventh Circuit has stated that "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538. In determining whether such a possibility exists, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.* The bar for disproving fraudulent joinder is low. In *Edgecombe v. Lowes Home Centers, L.L.C.*, 391 F. Supp. 3d 1142, 1150 (S.D. Fla. 2019), for example, the court held that the joinder of a non-diverse defendant was not fraudulent because the plaintiff could establish a prima facie case of retaliation against the defendant "based on the possibility [the plaintiff] engaged in a protected activity, and the possibility the subsequent adverse employment action was causally connected to that activity." *See also Silverman v. Wells Fargo Ins. Servs. USA, Inc.*, 20 F. Supp. 3d 1357, 1363 (S.D. Fla. 2014) (there was a possibility plaintiff could state a tortious interference claim against non-diverse defendant who was plaintiff's supervisor, despite legal uncertainty as to whether plaintiff could make out a prima facie case); *cf. Rogers v. Dollar Tree Stores Inc.*, No. 6:20-cv-424, 2020 WL 10458514, at *2 (M.D. Fla. Mar. 12, 2020) (there was no possibility plaintiff could state a cause of action against non-diverse defendant district manager because the subject incident occurred in a district that the defendant did not manage and he was not present at the

time of the incident); *Toskich v. J.H. Inv. Servs., Inc.*, 806 F. Supp. 2d 1224, 1227-28 (M.D. Fla. 2011) (same, where non-diverse defendant had filed for Chapter 11 bankruptcy and, therefore, the claim was void.).

The question, then, is whether there is "even a possibility" that a state court would find that the instant complaint states a claim against Rossmiller. *Crowe*, 113 F.3d at 1538. At the outset, it is clear that the claim against Rossmiller has not yet accrued under Florida law.[1] In *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1063 (Fla. 2001), the plaintiff sued his insurance agent for allegedly failing to procure insurance to cover the loss of the plaintiff's sports cards. The trial court granted the defendant's motion for summary judgment, holding that the plaintiff's claim was barred by the statute of limitations that started to run when the plaintiff previously filed an unsuccessful claim against the insurance company. *Blumberg v. USAA Cas. Ins. Co.*, 729 So. 2d 460, 460 (Fla. Dist. Ct. App. 1999), *aff'd on other grounds*, 790 So. 2d 1061 (Fla. 2001). The Third District Court of Appeal affirmed. *Id.* at 462. The Florida Supreme Court reversed, however, and held that, in the context of claims against an insurance agent, "a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings." *Blumberg*, 790 So. 2d at 1065. Florida federal courts have followed *Blumberg*'s holding in similar cases, finding that such clams are premature until the end of the underlying

---

[1] Indeed, Plaintiff appears to concede that Count IV is unripe pending the resolution of Count I. *See* Doc. 18 at 4 ("Pending resolution of Count One of Plaintiff's Complaint for Declaratory Judgement, Count's Two (Breach of Contract) and Four (Negligence Claim Against Rossmiller) will effectively ripen.").

proceedings. *See, e.g., N. Assurance Co. of Am. v. Sante Teo, Inc.*, No. 11-24392-CIV, 2012 WL 12868391, at *5 (S.D. Fla. Apr. 4, 2012); *Zurich Am. Ins. Co. v. S. Waste Sys., LLC*, No. 09-80466-CIV, 2010 WL 11505830, at *2 (S.D. Fla. May 14, 2010).

The *Blumberg* court noted that "[t]he proper remedy for premature litigation 'is an abatement or stay of the claim for the period necessary for its maturation under the law.'" 790 So. 2d at 1065 n. 2 (internal citation omitted). Federal courts have relied on this language to hold that such claims are not fraudulently joined. For example, in *Castelly v. United of Omaha Life Ins. Co.*, No. 20-CV-80489, 2020 WL 6326153, at *2 (S.D. Fla. June 19, 2020), the court cited *Blumberg*'s instruction to stay premature claims until their legal maturation as support for its holding that the plaintiff was not fraudulently joined. *Id.* The *Castelly* court explained that it could not find there was no possibility that the plaintiff could state a claim against the non-diverse defendant, because "it appears that it is still appropriate to maintain a claim as to Defendant Hazel, albeit one which may need to be temporarily stayed or abated." *Id.; see also, e.g., Conch House Builders, LLC v. Landmark Am. Ins. Co.*, No. 3:20-cv-1337, 2021 WL 838736, at *2-3 (M.D. Fla. March 5, 2021) (rejecting fraudulent joinder claim and remanding premature action against insurance broker under *Blumberg*); *Partners for Pets, Inc. v. S. Owners Ins. Co.*, No. 5:19-CV-70-MCR-MJF, 2019 WL 8063984, at *3 (N.D. Fla. May 13, 2019) (same, noting that a state court may stay the claim); *MLP Tractor Work, LLC v. Convington Specialty Ins. Co.*, No. 4:19CV67-RH/CAS, 2019 WL 8112466, at *2-3 (N.D. Fla. Apr. 1, 2019) (same); *see also Mobro Marine Inc. v. Essex Ins.*

8

*Co.*, No. 3:11-CV-622, 2011 WL 6328255, at *3 (M.D. Fla. Dec. 15, 2011) ("There is a possibility that Plaintiff's failure to procure claims will accrue if the insurance policy provided by [insurance company] is determined not to cover Plaintiffs loss… so the Court cannot find that there is no possibility that Plaintiff can establish a cause of action against [insurance agent].").

Despite the statement in *Blumberg* that premature claims should be stayed until they mature, some courts have held that the premature claim should be dismissed without prejudice rather than stayed, and have consequently found that fraudulent joinder exists. *See*, *e.g.*, *Parkview Point Condo. Ass'n., Inc. v. Arch Specialty Ins. Co.*, No. 20-20174-CIV, 2020 WL 6134270, at *4 (S.D. Fla. March 26, 2020); *Witkin Design Grp., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 16-20484-Civ, 2016 WL 1572964, at *2 (S.D. Fla. April 18, 2016); *Looney v. Protective Life Ins. Co.*, No. 8:07-CV-1020-EAK-TBM, 2007 WL 2669190, at *4 (M.D. Fla. Sept. 6, 2007).

However, given the instruction of *Blumberg* to stay premature litigation and the Eleventh Circuit's mandate to resolve any uncertainties in state law in favor of the plaintiff when evaluating fraudulent joinder, the Court declines to follow those cases. *See Conch House*, 2021 WL 838736 at *2-3 (acknowledging that some courts have reached the opposite conclusion, but rejecting fraudulent joinder argument because *Blumberg* requires abatement of a premature claim against an insurance broker instead of dismissal); *Partners for Pets*, 2019 WL 8063984 at *2-3 (same, collecting cases). As in *Castelly*, *Conch House* and *Partners for Pets*, this Court finds that it is possible Plaintiff

9

can establish a cause of action against Rossmiller. Accordingly, Rossmiller was not fraudulently joined and this action must be remanded for lack of complete diversity.

Plaintiff also argues that there was a procedural defect in the removal process because there is no indication that Rossmiller consented to removal. Doc. 10 at 5. Some courts have found that defendants who face only contingent and premature claims, like Rossmiller, do not need to consent to removal because they are considered "nominal defendants," even if they are not fraudulently joined. *See Mobro*, No. 3:11-CV-622-HWM-JBT, 2011 WL 6328255, at *2 (failure of insurance agent to consent to removal did not require remand because it was deemed a nominal party due to the failure to procure claims against it being premature and contingent under *Blumberg*). Here, however, the procedural defect argument is moot because the Court has already found that the action must be remanded.

Accordingly, it is **ORDERED**:

1. Plaintiff Jaime Reyes's Motion to Remand (Doc. 10) is **GRANTED**.
2. This action is **REMANDED** to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.
3. The Clerk is directed to send a certified copy of this order to the Clerk of Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.
4. The Clerk is further directed to terminate all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties